J-S07037-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JEROME G. KRAKOVESKY | : | |
| | : | |
| Appellant | : | No. 1188 MDA 2024 |

Appeal from the Judgment of Sentence Entered July 18, 2024
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-MD-0001616-2024

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JEROME G. KRAKOVESKY | : | |
| | : | |
| Appellant | : | No. 1189 MDA 2024 |

Appeal from the Judgment of Sentence Entered July 18, 2024
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-MD-0001550-2024

BEFORE: NICHOLS, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY KING, J.: **FILED: MARCH 28, 2025**

Appellant, Jerome G. Krakovesky, appeals from judgment of sentence entered in the Luzerne County Court of Common Pleas, following his open guilty pleas to two charges of indirect criminal contempt.[1] We affirm and grant counsel's application to withdraw.

---

[1] 23 Pa.C.S.A. § 6114.

The relevant facts and procedural history of this case are as follows. On June 16, 2020, Appellant's daughter ("Victim") obtained a final, no-contact, protection from abuse ("PFA") order against Appellant. The order expired on June 16, 2023. Prior to the expiration date, Appellant violated the order. On May 4, 2023, Victim filed a petition to extend the PFA order, and the court granted Victim's petition and extended the PFA order until June 1, 2026.

On July 11, 2024, the Commonwealth charged Appellant with indirect criminal contempt at docket No. 1550-2024 for violating the PFA order. On July 16, 2024, the Commonwealth charged Appellant at docket No. 1616-2024 with a second count of indirect criminal contempt for a separate violation of the PFA order.

On July 18, 2024, the court conducted a hearing on both violations. Appellant appeared at the hearing without counsel and the court appointed a public defender to represent him. Counsel requested a continuance, which the court denied. However, the court gave counsel the opportunity to discuss the case with Appellant. Thereafter, counsel stated that Appellant would admit to the violations. Later that day, Appellant entered guilty pleas to ICC at both dockets and the court sentenced him to an aggregate term of 6 months of probation, consecutive to a sentence Appellant was already serving.

On August 15, 2024, Appellant timely filed separate notices of appeal at each docket. The next day, the court ordered Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. On September 3, 2024, Appellant timely complied.

On September 30, 2024, Appellant filed an application to consolidate his appeals, which this Court granted. On December 11, 2024, counsel filed an **Anders**[2] brief and application to withdraw in this Court.

Preliminarily, appellate counsel seeks to withdraw representation pursuant to **Anders** and **Commonwealth v. Santiago**, 602 Pa. 159, 978 A.2d 349 (2009). **Anders** and **Santiago** require counsel to: (1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; (2) file a brief referring to anything in the record that might arguably support the appeal; and (3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief to raise any additional points the appellant deems worthy of review. **See Santiago, supra** at 173-79, 978 A.2d at 358-61. "Substantial compliance with these requirements is sufficient." **Commonwealth v. Reid**, 117 A.3d 777, 781 (Pa.Super. 2015). After establishing that counsel has met the antecedent requirements to withdraw, this Court makes an independent review of the record to confirm that the appeal is wholly frivolous. **Commonwealth v. Palm**, 903 A.2d 1244, 1246 (Pa.Super. 2006). **See also Commonwealth v. Dempster**, 187 A.3d 266 (Pa.Super. 2018) (*en banc*).

In **Santiago, supra** our Supreme Court addressed the briefing requirements where court-appointed appellate counsel seeks to withdraw

---

[2] **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

representation:

> Neither **Anders** nor [**Commonwealth v. McClendon**, 495
> Pa. 467, 434 A.2d 1185 (1981)] requires that counsel's brief
> provide an argument of any sort, let alone the type of
> argument that counsel develops in a merits brief. To repeat,
> what the brief must provide under **Anders** are references
> to anything in the record that might arguably support the
> appeal.
>
> * * *
>
> Under **Anders**, the right to counsel is vindicated by
> counsel's examination and assessment of the record and
> counsel's references to anything in the record that arguably
> supports the appeal.

**Santiago, supra** at 176, 177, 978 A.2d at 359, 360. Thus, the Court held:

> [I]n the **Anders** brief that accompanies court-appointed
> counsel's petition to withdraw, counsel must: (1) provide a
> summary of the procedural history and facts, with citations
> to the record; (2) refer to anything in the record that
> counsel believes arguably supports the appeal; (3) set forth
> counsel's conclusion that the appeal is frivolous; and (4)
> state counsel's reasons for concluding that the appeal is
> frivolous. Counsel should articulate the relevant facts of
> record, controlling case law, and/or statutes on point that
> have led to the conclusion that the appeal is frivolous.

**Id.** at 178-179, 978 A.2d at 361.

Instantly, appellate counsel has filed an application to withdraw. The application states that counsel has reviewed the record and determined that there are no non-frivolous grounds for an appeal. Counsel subsequently sent a copy of the **Anders** brief to Appellant. Counsel also provided Appellant with a letter explaining Appellant's right to retain new counsel or proceed *pro se* to raise any additional points Appellant deems worthy of this Court's attention.

- 4 -

In the **Anders** brief, counsel summarized the facts and procedural history of Appellant's case. The argument section of the brief cites to portions of the record that might arguably support Appellant's claims on appeal. Counsel also provides the reasons for counsel's conclusion that the appeal is wholly frivolous. Therefore, counsel has substantially complied with the technical requirements of **Anders** and **Santiago**. **See Reid, supra**.

Counsel raises the following issues on Appellant's behalf:

> Did the trial court err and/or abuse its discretion by refusing to grant a continuance to [Appellant] and depriving him of his right to due process and effective assistance of counsel under both the United States and Pennsylvania Constitutions specifically the 5th, 6th and 14th Amendments and Article 1, § 1, respectively?

(**Anders** Brief at 4).

In his sole issue, counsel articulates Appellant's claim that the trial court deprived him of due process by denying Appellant the opportunity to prepare a defense, and the right to counsel of Appellant's own choosing. Further, according to Appellant, the failure to grant a continuance prevented him from obtaining records of phone calls or the chance to review telephone messages, or to obtain statements from Victim. Appellant concludes that his judgment of sentence should be vacated on these grounds. We disagree.

It is "well settled that the decision to grant or deny a request for a continuance is within the sound discretion of the trial court." **Commonwealth v. Prysock**, 972 A.2d 539, 541 (Pa.Super. 2009). An abuse of discretion is "not merely an error judgment. Rather, discretion is abused when the law is

- 5 -

overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will, as shown by the evidence or the record[.]" ***See id.*** (citations and quotations omitted).

With respect to the right to counsel, our Supreme Court has stated:

> The right to counsel is guaranteed by both the Sixth Amendment to the United States Constitution and by Article I, Section 9 of the Pennsylvania Constitution. In addition to guaranteeing representation of the indigent, these constitutional rights entitle an accused "to choose at his own cost and expense any lawyer he may desire." ***Commonwealth v. Novak***, 395 Pa. 199, 213, 150 A.2d 102, 109, *cert. denied*, 361 U.S. 882, 80 S.Ct. 152, 4 L.Ed.2d 118 (1959). The right to "counsel of one's own choosing is particularly significant because an individual facing criminal sanctions should have great confidence in his attorney." ***Moore v. Jamieson***, 451 Pa. 299, 307-08, 306 A.2d 283, 288 (1973).
>
> We have held, however, that the constitutional right to counsel of one's choice is not absolute. ***Commonwealth v. Robinson***, 468 Pa. 575, 592-93 n.13, 364 A.2d 665, 674 n.13 (1976). Rather, "the right of the accused to choose his own counsel, as well as the lawyer's right to choose his clients, must be weighed against and may be reasonably restricted by the state's interest in the swift and efficient administration of criminal justice." ***Id.*** at 592, 364 A.2d at 674 (internal quotations omitted). Thus, this Court has explained that while defendants are entitled to choose their own counsel, they should not be permitted to unreasonably "clog the machinery of justice or hamper and delay the state's efforts to effectively administer justice." ***Commonwealth v. Baines***, 480 Pa. 26, 30, 389 A.2d 68, 70 (1978). At the same time, however, we have explained that "'a myopic insistence upon expeditiousness in the face of a justifiable request for delay can render the right to defend with counsel an empty formality.'" ***Robinson***, 468 Pa. at 593-94, 364 A.2d at 675 (quoting ***Ungar v. Sarafite***, 376 U.S. 575, 589, 84 S.Ct. 841, 11 L.Ed.2d 921 (1964)).

*Commonwealth v. McAleer*, 561 Pa. 129, 136, 748 A.2d 670, 673-74 (2000).

Instantly, the trial court explained:

[Appellant] did not make any request to continue the hearings regarding [the violations at issue] prior to appearing in [c]ourt the date of the hearings. Appointed counsel for Appellant made a general request for a continuance, however, did not identify or articulate any reason that necessitated a continuance be granted, especially considering the very simple nature of the allegations. Appointed counsel made no representations to this [c]ourt that he required additional time to review any particular evidence, subpoena any individual, or file any pretrial motion(s).

Appellant in this matter is no stranger to the court system, and specifically is no stranger to Indirect Criminal Contempt proceedings regarding [PFA] Orders. [Appellant] is well aware that he had a right to counsel, how to apply for and obtain a public defender, as he has done countless times before, or that he has the ability to hire private counsel if he so chooses. … By way of further background, Appellant presently has two (2) final [PFA] Orders entered against him, one on behalf of the plaintiff, and one on behalf of his wife and mother to this plaintiff[.] Regarding this Final [PFA] Order, Appellant was charged with a first violation on October 12, 2022. The alleged conduct, to which Appellant ultimately pled guilty on October 20, 2022, was the exact same conduct as the instant violations. It is also noteworthy that Appellant has five (5) convictions by way of guilty plea regarding the final [PFA] Order on behalf of [his wife], several of which were based on communication that Appellant had with [his wife] from the correctional facility while he was incarcerated. This [c]ourt is familiar with the course of conduct of Appellant, having handled several of the violations on the companion case.

It is based on this extensive history that the [c]ourt concluded that Appellant had substantial knowledge of his rights, as well as the [c]ourt's policies and procedures

- 7 -

concerning these matters. At no time prior to the proceeding did [Appellant] make any attempt to apply for a public defender or to otherwise secure private counsel. Nevertheless, the [c]ourt provided Appellant with the ability to consult with counsel by appointing the on-duty public defender in Protection From Abuse court that afternoon and giving counsel the opportunity to discuss his options with Appellant prior to deciding how he wished to proceed. Appellant was fully colloquied on the record regarding his decision to plead guilty to [the instant violations], and after indicating that he felt like he had to plead guilty, was reminded by his counsel that he had the right to have hearings regarding those violations. Appellant did not invoke his right to a hearing on either violation, and this [c]ourt deemed Appellant's answers as establishing that he had made a knowing, voluntary decision to enter pleas. Additionally, based upon the circumstances, it would not be just to continue this matter for no apparent reason and require the plaintiff and other Commonwealth witnesses to appear at yet another hearing.

… Based upon the history of this case, and outcome at the July 18, 2024 hearing, Appellant cannot establish that the denial of Appellant's continuance request was manifestly unreasonable, or the result of any prejudice toward Appellant. This [c]ourt's actions of *sua sponte* appointing counsel to represent Appellant on the hearing date, providing time to consult with counsel, and imposing a lenient sentence aimed at addressing Appellant's mental health treatment all demonstrate the contrary.

(Trial Court Opinion, 9/24/24, at 3-5).

On this record, we cannot say that the court abused its discretion in denying Appellant's request for a continuance. **See Prysock, supra**. We observe that prior to counsel's appointment, the following exchange took place:

**[Public Defender]**: Judge, I would just note on this one we don't have a file and there was no application. If I was to be appointed by you here today I'd be requesting a

continuance.

> **THE COURT**: Commonwealth.
>
> **[Prosecutor]**: We would object to the continuance. [Appellant] has the PD's Office on his other cases, specifically his other PFA, and the Public Defender's Office in general is fairly familiar with his case.
>
> **[Public Defender]**: I would just like to note, Judge, I am not at all familiar with this case. I don't have any documents in front of me, nor have I reviewed them, nor have I ever met [Appellant] here today.
>
> **THE COURT**: The issue I have is that this isn't a difficult matter. These are alleged calls that were made from the prison that [are] recorded. What I'd like to do is I am going to order that you be appointed to this matter. I'm going to ask that you—I'll give you time, but after we handle the other matters, maybe sit down with him and discuss it with him to see how he wants to proceed.
>
> **[Public Defender]**: Okay. Thank you, Judge.

(N.T. Hearing, 7/18/24, at 2). Following a brief recess, the following exchange

took place:

> **[Public Defender]**: Your Honor, before we begin, I do believe that my client is requesting that he be afforded the opportunity to hire his own attorney, and, therefore, request that the matter be continued.
>
> **THE COURT**: Commonwealth.
>
> **[Prosecutor]**: I would ask Your Honor clarify with [Appellant] whether he actually wants his own attorney. I know in the past he's been represented by the Public Defender's Office. It's possible he doesn't understand the system or he's looking for his Public Defender he's used to having.
>
> **[APPELLANT]**: First of all, the Public Defender I had before, last year, died. I went to see him a hundred times.

- 9 -

[Attorney] Singer. I don't want to talk to these people. I did one thing that I thought was wrong. I didn't know the PFA was in effect too. I sent her a letter.

**THE COURT**: Okay. I don't want you to go into details, okay, because you're going to be admitting to things.

**[APPELLANT]**: That was a year ago.

**THE COURT**: So I'm just trying to warn you. Okay? Do you understand that the Public Defender's Office—yes, you may have had the same Public Defender, and, unfortunately, Attorney Singer is no longer with us.

**[APPELLANT]**: Right. I know.

**THE COURT**: But you have a very capable attorney in front of you handling your matter. So are you sure that you don't want to proceed with him …?

**[APPELLANT]**: I do. That's fine. Okay. I do know I have money, okay, but my daughter has a hold on it.

**THE COURT**: I'm not going to go into those details.

(***Id.*** at 3-4).

Here, the record indicates that the facts of Appellant's alleged violations were straightforward. The court gave Appellant time to consult with court-appointed counsel, and Appellant ultimately admitted to the violations. Additionally, although Appellant initially expressed an intent to retain private counsel, when the court asked Appellant if he was sure he did not want to proceed with court-appointed counsel, Appellant then changed his mind and affirmed that he would proceed with the appointed Public Defender. ***See id.*** As such, we see no violation of Appellant's right to counsel under these circumstances. ***See McAleer, supra***. Additionally, based on Appellant's

history with the court and the facts of the case, granting the continuance would have "unreasonably clog[ged] the machinery of justice or hamper[ed] and delay[ed] the state's efforts to effectively administer justice." *See id.* Following our independent review of the record, we agree the appeal is frivolous. *See Dempster, supra*; *Palm, supra*. Accordingly, we affirm and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw is granted.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 03/28/2025

- 11 -